IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI,<br><br>ANDREW BAILEY, in his official capacity as Attorney General of Missouri,<br><br>JOHN R. ASHCROFT, in his official capacity as Secretary of State of Missouri,<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br><br>KRISTEN CLARKE, in her official capacity as United States Assistant Attorney General for the Civil Rights Division, and<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendants*. | Civil Action No.<br><br>**Emergency relief requested before Election Day** |

## COMPLAINT

Plaintiffs, for their Complaint against Defendants, allege, by and through their attorneys, on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

### INTRODUCTION

1. For the second election cycle in a row, the Department of Justice, at the 11th hour, has announced an intent to displace state election authorities. Absent exceedingly clear federal authority, the States "keep for themselves … the power to regulate elections." *Shelby Cnty., Ala.*

1

*v. Holder*, 570, U.S. 529, 543 (2013) (cleaned up). To secure elections, Missouri exercised that traditional authority by enacting a law that strictly limits who, besides voters, can be present in a polling location. Poll monitors employed by DOJ are not on that list. Yet without specifically citing *any* federal authority authorizing its actions, DOJ announced on Friday November 1 its intent to displace Missouri law and place unauthorized poll monitors in polling locations in the City of St. Louis.

2. This lawsuit asserts claims under the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, challenging DOJ's decision to send staff to polling places in Missouri to monitor the November 5, 2024, general election.

3. DOJ is set to send monitors to polling locations in the City of St. Louis, Missouri, on November 5, 2024.

4. DOJ's actions are unexplained and ultra vires, overstepping statutory authority under federal voting-related laws like the Voting Rights Act, the National Voter Registration Act, the Help America Vote Act, the Uniformed and Overseas Citizens Absentee Voting Act, the Civil Rights Act, and the Americans with Disabilities Act.

5. DOJ's actions are also arbitrary and capricious because they are unexplained.

6. Plaintiffs seek (1) a declaration that DOJ's actions violate the APA and (2) an emergency injunction prohibiting DOJ from taking any such actions.

**PARTIES**

7. Plaintiff State of Missouri is a sovereign State of the United States of America. Missouri sues to vindicate its sovereign interests.

8. Plaintiff Andrew Bailey is the Attorney General of the State of Missouri. Attorney General Bailey sues in his official capacity.

9. Plaintiff John R. Ashcroft is the Secretary of State of Missouri. Secretary Ashcroft sues in his official capacity.

10. Defendant Merrick Garland is the Attorney General of the United States and is subject to the APA. *See* 5 U.S.C. § 551(1)–(2). Attorney General Garland is sued in his official capacity as the head of DOJ.

11. Defendant Kristen Clarke is the head of the Civil Rights Division in DOJ and is subject to the APA. *See* 5 U.S.C. § 551(1)–(2). She is sued in her official capacity. It is Civil Rights Division Staff that DOJ intends to employ as poll monitors in Missouri, contrary to Missouri law.

12. Defendant DOJ is an agency of the United States government subject to the APA. *See* 5 U.S.C. § 551(1).

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 5 U.S.C. §§ 702–703 and 28 U.S.C. §§ 1331, 1361, and 2201.

14. This Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 702, 705, and 706; 28 U.S.C. §§ 1361 and 2201-2202; and its inherent equitable powers.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e). Defendants are United States agencies or officers sued in their official capacities. Plaintiff State of Missouri is a resident of this judicial district, and a substantial part of the events or omissions giving rise to the Complaint occur within this district. DOJ's action are set to take place in the City of St. Louis, a city within this judicial district. That is the only jurisdiction in Missouri expected to be affected by DOJ's actions this election cycle.

16. Plaintiffs have standing because DOJ's actions seek—without identifying any clear federal authority—to displace state elections laws. Missouri has an Article III interest in its "power to create and enforce a legal code" without federal interference. *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 601 (1982).

**FACTS**

17. On November 1, 2024, just two business days before the election, DOJ issued press release number 24-1381 titled "Civil Rights Division Staff Available to Receive Nationwide Reports Throughout Election Day." *Justice Department to Monitor Polls in 27 States for Compliance with Federal Voting Rights Laws*, Nov. 1, 2024, https://www.justice.gov/opa/pr/justice-department-monitor-polls-27-states-compliance-federal-voting-rights-laws (attached as Exhibit 1).

18. The press release announced that DOJ would dispatch "personnel from the Civil Rights Division, other department divisions, U.S. Attorney's Offices and federal observers from the Office of Personnel Management" to monitor the November 5, 2024, general election. *Id.*

19. The press release identified a total 86 jurisdictions spanning 27 States in which such personnel would be dispatched. *Id.* One of the jurisdictions identified is the City of St. Louis, Missouri. *Id.* The press release does not explain which staff or which divisions or offices will monitor each of the jurisdictions. Neither the Secretary of State nor the Attorney General, for example, has heard whether DOJ plans to place officials from the Office of Personnel Management or officials from some other office in state polling locations.

20. The press release did not cite any specific authority for the actions identified in the press release. *See id.* The press release simply noted that DOJ has general authority to enforce certain federal laws, including the Voting Rights Act, the National Voter Registration Act, the

Help America Vote Act, the Uniformed and Overseas Citizens Absentee Voting Act, the Civil Rights Act, and the Americans with Disabilities Act as well as "federal criminal statutes that prohibit voter intimidation and voter suppression based on race, color, national origin or religion." *Id.* The press release never states whether any of these laws in fact gives, for example, staff from the Office of Personnel Management authority to enter state polling locations in contravention of state law.

21. Nor have Defendants attempted to communicate any rationale or cite any law to the chief election authority in Missouri, Secretary of State Ashcroft, nor to the chief law enforcement authority in Missouri, Attorney General Bailey. Plaintiffs have reached out to Defendants seeking explanation and have heard nothing back.

22. This is not DOJ's first attempt to inject unauthorized federal officials into polling locations, contrary to Missouri law. DOJ attempted to dispatch personnel to jurisdictions within the State of Missouri to monitor the November 8, 2022, general election. *See Justice Department to Monitor Polls in 24 States for Compliance with Federal Voting Rights Laws*, Nov. 7, 2022, https://www.justice.gov/opa/pr/justice-department-monitor-polls-24-states-compliance-federal-voting-rights-laws (attached as Exhibit 2).

23. In 2022, Plaintiff Secretary Ashcroft notified DOJ that such actions were in violation of Missouri state law. *See* John R. Ashcroft, *U.S. Department of Justice's Visit to Cole County, Missouri Election Day*, Nov. 7, 2022, https://www.sos.mo.gov/CMSImages/ElectionIntegrity/Letter_to_DOJ_re_Election_Monitoring.pdf (attached as Exhibit 3).

24. Following Secretary Ashcroft's letter, DOJ reversed course and did not send personnel into Missouri polling places during the November 8, 2022, election.

5

25. The jurisdiction DOJ has identified in 2024 in Missouri has no overlap with the jurisdiction identified in 2022. In 2022, DOJ sought to send federal officials into voting locations in Cole County. This time, DOJ seeks to send federal officials to voting locations in the City of St. Louis.

26. The presence of DOJ personnel at Missouri polling places on Election Day violates Missouri law. Missouri law permits only certain categories of persons to be present in voting locations, including voters, minor children accompanying voters, poll workers, election judges, etc. *See* Mo. Rev. Stat. § 115.409.[1] None of the categories includes the federal officials identified in the press release.

27. While Congress can pass legislation to enforce voting rights amendments to the Constitution, Congress's power to do so is limited to "remedial or preventive power" under those specific amendments. *See, e.g.*, *City of Boerne v. Flores*, 521 U.S. 507, 529 (1997). And Congress would need to include "exceedingly clear language if it wishes to significantly alter the balance between state and federal power." *Alabama Assn. of Realtors v. Department of Health and Human Servs.*, 141 S. Ct. 2485, 2489 (2021) (per curiam).

---

[1] Mo. Rev. Stat. § 115.409 reads in full: "Who may be admitted to polling place. — Except election authority personnel, election judges, watchers and challengers appointed pursuant to section 115.105 or 115.107, law enforcement officials at the request of election officials or in the line of duty, minor children under the age of eighteen accompanying an adult who is in the process of voting, international observers who have registered as such with the election authority, persons designated by the election authority to administer a simulated youth election for persons ineligible to vote because of their age, members of the news media who present identification satisfactory to the election judges and who are present only for the purpose of bona fide news coverage except as provided in subdivision (18) of section 115.637, provided that such coverage does not disclose how any voter cast the voter's ballot on any question or candidate or in the case of a primary election on which party ballot they voted or does not interfere with the general conduct of the election as determined by the election judges or election authority, and registered voters who are eligible to vote at the polling place, no person shall be admitted to a polling place."

28. Defendants have not identified *any* language, much less "exceedingly clear language" that they think can justify displacing Missouri's law. As they did in 2022, they have refused to specifically identify any federal law that they believe authorizes their actions.

## CAUSES OF ACTION

## COUNT ONE:

**Administrative Procedure Act, Ultra Vires, Action in Excess of Statutory Authority**

29. Plaintiffs reassert and reallege paragraphs 1 through 28 as if fully set forth herein.

30. The APA provides that this Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions" that are "in excess of statutory jurisdiction, authority, or limitations," or "arbitrary capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C)-(D).

31. To determine if an agency has acted in excess of its authority, "[t]he question for a reviewing court is whether in doing so the agency has acted reasonably and thus has 'stayed within the bounds of its statutory authority.'" *Utility Air Regulatory Group v. E.P.A*, 573 U.S. 302, 315 (2014) (quoting *Arlington v. FCC*, 569 U.S. 290, 297 (2013)).

32. A court may not go searching for statutory authority that could grant an agency authority because courts "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (internal quotation marks omitted).

33. DOJ has not identified a statutory authority under which any of the actions set to take place would be authorized, but rather has only identified a number of statutes that DOJ enforces. *See Justice Department to Monitor Polls in 27 States for Compliance with Federal*

*Voting Rights Laws*, *supra* ¶ 15. DOJ has not specifically cited any statute that gives DOJ authority to be present in Missouri polling places on Election Day.

34. DOJ's generic reference to federal voting laws that DOJ can enforce in litigation proceedings is especially wanting because the press release states that even staff members from *outside* DOJ will be placed into polling locations. The press release says staff from the Office of Personnel Management will be placed inside polling locations even though that agency is an independent agency with no apparent authority whatsoever to enforce federal voting laws.

35. Missouri law provides a list of who may be admitted to a polling place within the State. *See* Mo. Rev. Stat. § 115.409. DOJ cites no statutory authority that it claims preempts § 115.409.

36. DOJ personnel do not fall within the categories of people allowed in polling places under Missouri law. *See* § 115.409. To be sure, § 115.409 allows for "law enforcement officials at the request of election officials or in the line of duty," but DOJ personnel identified in the press release do not qualify under the state definition of "law enforcement officials." *See* Mo. Rev. Stat. § 650.520. Missouri law defines "law enforcement officer," with respect to federal officials, as "federal law enforcement officers authorized to carry firearms and to make arrests for violations of the laws of the United States." *Id.*

37. The press release identified only "personnel from the Civil Rights Division, other department divisions, U.S. Attorney's Offices and federal observers from the Office of Personnel Management," *Justice Department to Monitor Polls in 27 States for Compliance with Federal Voting Rights Laws*, *supra* ¶ 15, none of whom appears to possess the authority to "carry firearms and to make arrests" in the State of Missouri. Mo. Rev. Stat. § 650.520.

38. DOJ's actions set forth in the press release unreasonably violate Missouri law and therefore have not "stayed within the bounds of [DOJ's] … authority." *E.P.A*, 573 U.S. at 315 (quoting *Arlington*, 569 U.S. at 297) (internal quotation marks omitted).

39. DOJ's actions outlined in the press release are arbitrary, capricious, and otherwise not in accordance with law. Plaintiffs are therefore entitled to relief pursuant to 5 U.S.C. §§ 702, 705, 706. The actions outlined in the press release should be declared unlawful, and Defendants should be enjoined from taking any such actions.

## COUNT TWO:

### Administrative Procedure Act, Arbitrary and Capricious Agency Action

40. Plaintiffs reassert and reallege paragraphs 1 through 39 as if fully set forth herein.

41. The APA provides that this Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions" that are "in excess of statutory jurisdiction, authority, or limitations," or "arbitrary capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C)-(D).

42. Agency action is "arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *State Farm*, 463 U.S. at 43.

43. DOJ must articulate a "satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* at 42.

44. DOJ has not articulated any explanation and this "[C]ourt should not attempt itself to make up such deficiencies" because a court "may not supply a reasoned basis for the agency's

9

action that the agency itself has not given." *Id.* at 43 (quoting C*henery*, 332 U.S. at 196) (internal quotation marks omitted).

45. DOJ has made no attempt to cite any authority authorizing its actions, nor has it responded to inquiry from Plaintiffs.

46. Where, as here, the agency fails to "cogently explain why it has exercised its discretion in a given manner," its action must be invalidated. *Id.* at 48.

47. DOJ's actions outlined in the press release are arbitrary, capricious, and otherwise not in accordance with law. Plaintiffs are therefore entitled to relief pursuant to 5 U.S.C. §§ 702, 705, 706. The actions outlined in the press release should be declared unlawful, and Defendants should be enjoined from taking any such actions.

## REQUEST FOR RELIEF

Therefore, Plaintiffs respectfully requests an order and judgment:

A. Declaring that DOJ's actions outlined in the press release are arbitrary and capricious, or otherwise contrary to law within the meaning of 5 U.S.C. § 706(2)(A) and that such actions by DOJ are in excess of statutory jurisdiction, authority, or limitations within the meaning of 5 U.S.C. § 706(2)(C);

B. Holding unlawful DOJ's actions as outlined in the press release, including under 5 U.S.C. § 706;

C. Temporarily restraining and permanently enjoining Defendants and all of their officers, employees, and agents from taking the actions outlined in the press release, within the State of Missouri and anywhere else within DOJ's jurisdiction, under 5 U.S.C. § 705;

D. Awarding Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

  E. Granting other legal and equitable relief as this Court deems just and proper.

Date: November 4, 2024         Respectfully Submitted,

                **ANDREW BAILEY**
                **Attorney General of Missouri**

                /s/ *Joshua Divine*
                Joshua M. Divine, #69875MO
                 *Solicitor General*

                Bryce Beal, #74559MO*
                 *Assistant Attorney General*
                Missouri Attorney General's Office
                Post Office Box 899
                Jefferson City, MO 65102
                Tel. (573) 751-1800
                Fax. (573) 751-0774
                Bryce.Beal@ago.mo.gov
                Josh.Divine@ago.mo.gov

                *Counsel for Plaintiff*


                *Admission Pending*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, a true and accurate copy of the foregoing document was sent via email to Sejal Jhaveri (Sejal.Jhaveri@usdoj.gov), an appellate attorney at DOJ who works on Civil Rights Division voting cases, given the time-sensitive nature of this case. I also certify that formal service will be accomplished as soon as possible.

/s/ *Joshua Divine*
*Counsel for Plaintiffs*