

**JOHN R. ASHCROFT**
SECRETARY OF STATE
STATE OF MISSOURI

600 W. MAIN STREET
JEFFERSON CITY, MO 65101

GENERAL COUNSEL
Tel. (573) 751-4875
Fax (573) 526-4903

November 7, 2022

Hon. Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001



Re: U.S. Department of Justice's Visit to Cole County, Missouri on Election Day

Dear Attorney General Garland:

Secretary Ashcroft has authorized this correspondence after being advised that the U.S. Department of Justice intends to deploy officials to polling locations in Cole County, Missouri on Election Day. Your office intends to "monitor compliance" with Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134. All during the administration of the upcoming general election. *See* Justice Department to Monitor Polls in 24 States for Compliance with Federal Voting Rights Laws, U.S. Dep't of Justice, https://www.justice.gov/opa/pr/justice-department-monitor-polls-24-states-compliance-federal-voting-rights-laws (last accessed Nov. 7, 2022). The Department of Justice, however, is not authorized to be on site during tomorrow's election.

*First*, it is unfortunate that your office failed to directly notify Secretary Ashcroft of your visit. In Missouri, the Secretary of State is considered the "chief state election official." *See, e.g.*, § 28.035.1, RSMo; § 115.136.1; § 115.158.1(5); § 115.160.3; *accord* Mo. Const. art. IV, § 14 (secretary shall perform duties "in relation to elections"). In this role, Secretary Ashcroft implements state and federal election laws, and oversees elections within Missouri. Thus, the federal government's communications with a local election authority should also be directed to this office.

*Second*, your office is simply wrong that the Attorney General is authorized to enforce Title II of the ADA. Indeed, Title II of the ADA is enforced, not by the Attorney General, but by a "person alleging discrimination on the basis of disability[.]" 42 U.S.C. § 12133. "[T]he Attorney General doesn't fit that description[.]" *United States v. Sec'y Fla. Agency for Health Care Admin.*, 21 F.4th 730, 751 (11th Cir. 2021) (Newsom, J., dissenting from the denial of rehearing en banc). And there's a "longstanding interpretive presumption that 'person ' does not include the sovereign, and thus excludes a federal agency like the" Department of Justice. *Return Mail, Inc. v. United States Postal Serv.*, 139 S. Ct. 1853, 1861-62 (2019) (quotation marks omitted). This presumption cannot be overcome here, where unlike Titles I and III of the ADA, *see* 42 U.S.C. §§ 12117(a), 12188(b)(B), Title II does not confer enforcement authority on the Attorney General.

To be sure, the Department of Justice may "investigate complaints" and "conduct compliance reviews" to ensure compliance with Title II of the ADA. 28 C.F.R. § 35.172(a)-(b). But reading these provisions as carte blanche to monitor elections "would bury an awfully large elephant in a really small mousehole." *Texas v. Biden*, 20 F.4th 928, 977-78 (5th Cir. 2021) (Oldham, J.), *rev'd on other grounds*, 142 S. Ct. 2528 (2022). Doubly so here, where Congress has specifically authorized election monitoring in certain circumstances under the Voting Rights Act, not Title II of the ADA. *See* 52 U.S.C. § 10305(d)(1) (federal observers authorized to "enter and attend at any place for holding an election in such subdivision for the purpose of observing whether persons who are entitled to vote are being permitted to vote").

Congress uses "exceedingly clear language if it wishes to significantly alter the balance between state and federal power." *Alabama Assn. of Realtors v. Department of Health and Human Servs.*, 141 S.Ct. 2485, 2489 (2021) (per curiam) (quotation marks omitted). Election administration falls squarely within the States' province. *See Shelby Cnty., Ala. v. Holder*, 570 U.S. 529, 543 (2013) ("The Framers of the Constitution intended the States to keep for themselves … the power to regulate elections.") (cleaned up). Until now, election monitoring through the ADA has rarely been a tool of the federal government. That's probably because, as your office rightly acknowledges, "*Shelby County* significantly impacted the department's" election monitoring efforts by invalidating the VRA's § 4(b) coverage formula. Fact Sheet on Justice Department's Enforcement Efforts Following Shelby County Decision, U.S. Dep't of Justice, https://www.justice.gov/crt/file/876246/download (last accessed Nov. 7, 2022). But if Congress had wanted to grant the Attorney General the authority to oversee elections in Title II of the ADA, and consequently alter the state-federal balance, it would have said so clearly. It did not. And the Supreme Court recently rejected a similar kind of "legislative work-around." *Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*, 142 S. Ct. 661, 668 (2022) (Gorsuch, J., concurring) (quotation marks omitted). Accordingly, any purported basis under Title II of the ADA for federal officials to be on site during an election rests on shaky legal ground.

*Third*, only authorized persons are allowed into a polling place on Election Day. Representatives from your office in these circumstances are not one of them. Missouri law provides that no unauthorized person shall "be admitted to a polling place." § 115.409. To be sure, this statute exempts "law enforcement officials," but they can be on site only "at the request of election officials" or while "in the line of duty[.]" *Id.* When a statute refers to federal law enforcement officials, it's very specific. *See, e.g.*, § 44.091.1(1); § 70.820.8; § 304.022.4(1); § 556.061(32); § 650.520.2. Section 115.409 not so much. Even if it covered federal law enforcement officials—and it does not—your office is still not exempt from the statute's prohibition. The Cole County Clerk did not request your office's visit. Nor does your agency have any duty to enforce the ADA. *Cf.* § 173.260.1(11)-(12) (defining "line of duty" as an act taken by a state official "whose primary function is crime control or reduction, enforcement of the criminal law, or suppression of fires, is authorized or obligated by law, rule, regulation or condition of employment or service to perform").

Finally, it cannot be stressed enough how disruptive federal officials' presence will be on Election Day. Voters have no idea why these officials are there, and the active questioning of election workers will cause their attention to be shifted away from Missourians' needs at that time.

Your office's presence, therefore, will only undermine confidence in our elections and deter Missourians from casting their votes.

      For the foregoing reasons, and given the fact that less instrusive means are available to your office, we strongly urge you to reconsider tomorrow's visit.

      Sincerely,

      /s/ *Jesus A. Osete*
      General Counsel

cc: Hon. Steve Korsmeyer, Cole County Clerk